IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

YOSHIHIRO OSAKO,

        Plaintiff,                           CV-10-1446-ST

     v.                                   FINDINGS AND
                                            RECOMMENDATION
CROWNE PLAZA HOTEL and DENNIS
KOSASIH,

        Defendant.

STEWART, Magistrate Judge:

**INTRODUCTION**

On November 23, 2010, plaintiff, appearing *pro se*, filed a Complaint relating to the death of his daughter, Otoha Osako, in June of 2008 while staying at a hotel owned by defendant, Crowne Plaza Hotel. The Complaint alleges that Crowne Plaza Hotel did not discover Ms. Osako's death for three days after her scheduled check-out time and that the police

1 - FINDINGS AND RECOMMENDATION

erroneously determined that the cause of death was a suicide.  By failing to exercise reasonable care to discover the body earlier, plaintiff claims that Crowne Plaza Hotel, as well as defendants Dennis Kosasih (residing in Singapore) and "John Does" (accomplices to Kosasih), inflicted damages on him by allowing his daughter's body to decompose, throwing away evidence, and giving misleading information to the police.

Pursuant to FRCP 12(b)(6), Crowne Plaza Hotel has filed a Motion to Dismiss based on the applicable two-year statute of limitations and a failure to allege facts sufficient to state a claim (docket # 6).  This court subsequently appointed volunteer *pro bono* counsel to represent plaintiff (docket #19).  For the reasons set forth below, this court recommends that Crowne Plaza Hotel's motion should be granted.

## **STANDARDS**

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  FRCP 8(a)(2).  This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (May 18, 2009), citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*, quoting *Twombly*, 550 US at 555.  In order to survive a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*, quoting *Twombly*, 550 US at 570.

In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F3d 1480, 1484 (9th Cir 1995). In addition to the allegations of the complaint, the court may also consider documents whose authenticity no party questions which are attached to, or incorporated by reference into, the complaint, as well as matters capable of judicial notice. *Knievel v. ESPN*, 393 F3d 1068, 1076 (9th Cir 2005). The court need not accept as true allegations in the complaint that contradict these sources. *Lazy Y Ranch, Ltd., v. Behrens*, 546 F3d 580, 588 (9th Cir 2008).

## FINDINGS

I.   **Statute of Limitations**

Claims for negligence and intentional infliction of emotional distress are subject to Oregon's two-year statute of limitations. ORS 12.110. However, the "discovery rule" applies to a variety of different claims that arise under ORS 12.110. *Cole v. Sunnyside Marketplace, LLC*, 212 Or App 509, 517, 160 P3d 1, 5 (2007), *rev. denied*, 344 Or 558, 187 P3d 219 (2008). In general terms, the discovery rule provides that a claim does not accrue until the plaintiff discovered or, in the exercise of reasonable care, should have discovered that the claim exists. *Federal Deposit Ins. Corp. v. Smith*, 328 Or 420, 428, 980 P2d 141, 146 (1999).

The Complaint alleges that Ms. Osako passed away in June of 2008 and that the police were notified of her death three days later. Since the Complaint was not filed until November 23, 2010, well over two years after the discovery of Ms. Osako's death, Crowne Plaza Hotel argues that it was untimely filed.

"If the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F2d 677, 682 (9th Cir 1980) (citations omitted). However, the Complaint says nothing about when plaintiff discovered the claims he alleges. Despite this omission, Crowne Plaza Hotel contends that any injuries associated with a family member's death which has been reported to the police is inherently discoverable and not subject to the discovery rule. Before applying the discovery rule, "the threshold question should be whether the wrong and its probable consequences, by their nature are *inherently discoverable* upon the occurrence." *Workman v. Rajneesh Found. Int'l*, 84 Or App 226, 230, 733 P2d 908, 911, *rev. denied*, 303 Or 700, 740 P2d 1213 (1987) (emphasis in original). As a result, *Workman* did not apply the discovery rule to a defamatory statement at a public school board meeting because "[i]t is highly likely that a defamatory comment made at a public meeting will come rapidly to the attention of its subject." *Id* at 231, 733 P2d at 911.

In contrast, this case does not involve an inherently discoverable statement at a public meeting. Just because the police were informed about the death within three days does not mean that, at about the same time, plaintiff can be presumed to have known about his daughter's death and of Crowne Plaza Hotel's alleged conduct. Based solely on the face of the Complaint, this court cannot conclude when, through the exercise of reasonable care, plaintiff discovered or could have discovered Crowne Plaza Hotel's role in his daughter's death.

In support of the discovery rule here, plaintiff has submitted his declaration describing when and how he learned of his daughter's death and his attempts to learn the cause, including

the role, if any, of Crowne Plaza Hotel.[1]  He first learned of her death on June 7, 2008, and met with the Medical Examiner on June 13, 2008, who had concluded that her death was a suicide. Osaka Decl., ¶¶ 5-6.  However, plaintiff "did not believe that [he] had a firm basis for the allegations of the Complaint" until the police issued its comprehensive investigation report dated after November 24, 2008, which he received a few days later.  *Id*, ¶¶ 10-11.  Yet he does not identify what specific facts he learned from that report that led him to firmly believe that the Crowne Plaza Hotel had engaged in tortious conduct.  Moreover, according to the police report dated November 24, 2008, the detective met with plaintiff for two hours and provided him with "all items of evidence" on October 30, 2008, more than two years prior to filing the Complaint. *Id*, Ex. 1, pp. 3 & 9.  It is unclear what new facts plaintiff learned only after receiving the November 24, 2008 police report.

Where application of the statute of limitations turns on resolution of an issue of fact, a motion to dismiss or for summary judgment on grounds that the statute of limitations has run must be denied.  *Kelly v. Lessner*, 224 Or App 31, 36-37, 197 P2d 52, 54-55  (2008).  Although Crowne Plaza Hotel has cast serious doubt on plaintiff's declaration of when he discovered his claims, a motion to dismiss is not the appropriate juncture to decide a credibility issue. Therefore, the motion to dismiss should be denied to the extent it is premised upon Crown Plaza Hotel's argument concerning the running of the statute of limitations.

---

[1] Whether a limitations period should be tolled often depends on matters outside the pleadings. Accordingly, the determination "is not generally amenable to resolution on a Rule 12(b)(6) motion." *Cervantes v. City of San Diego*, 5 F3d 1273, 1276 (9th Cir 1993).  A motion to dismiss based on a statute of limitations may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon*, 614 F2d at 682 (citation omitted).  However, Crowne Plaza Hotel has not objected to consideration of plaintiff's declaration submitted outside the pleadings.

5 - FINDINGS AND RECOMMENDATION

### II.  Failure to Allege Sufficient Facts

#### A.  Negligence

Plaintiff does not allege any physical injury, but instead asserts a claim based solely on psychological or emotional harm.  "Negligent infliction of emotional distress may be actionable without physical injury if the negligent conduct infringed on an interest beyond those that are protected under the general obligation to exercise reasonable care to prevent foreseeable harm." *Paul v. Providence Health System-Oregon*, 237 Or App 584, 593, 240 P2d 1110, 1116 (2010) (dismissing negligence claim for purely emotional harm resulting from negligent disclosure of personal information) (citation omitted); *see also Lowe v. Philip Morris USA, Inc.*, 207 Or App 532, 549, 142 P3d 1079, 1088 (2006), *aff'd*, 344 Or 403, 183 P3d 181 (2008) ("Oregon law does not allow recovery for emotional distress without actual or threatened physical harm or injury to another legally protected interest.").  Since the Complaint does not allege any physical impact or special relationship, as plaintiff concedes, plaintiff cannot state a claim premised on negligent conduct by any defendant.

#### B.  Intentional Interference of Emotional Distress Claim

In order to establish an intentional infliction of emotional distress claim, a plaintiff must plead and prove that:  (1) the defendant intended to inflict severe mental or emotional distress or that the distress is substantially certain to result from defendant's conduct; (2) defendant's acts caused the plaintiff severe emotional distress; and (3) the defendants acts "'constituted an extraordinary transgression of the bounds of socially tolerable conduct.'" *McGanty v. Staudenraus*, 321 Or 532, 543, 901 P2d 841, 849 (1995), quoting *Sheets v. Knight*, 308 Or 220, 236, 779 P2d 1000, 1010 (1989).

Crowne Plaza Hotel argues that the Complaint fails to allege the requisite intent and that the alleged conduct does not represent an extraordinary transgression of the bounds of socially tolerable conduct.  In response, plaintiff relies on *Cochran v. Burlington Coat Factory of Oregon, LLC*, No. 10-CV-60160TC, 2010 WL 3824074 (D Or Aug. 25, 2010), *Findings and Recommendation adopted,* 2010 WL 3806485 (D Or Sept. 21, 2010).  However, that case is distinguishable.  In *Cochran*, the parents of a deceased baby sued the seller of a sling which allegedly caused the baby's death.  The parents alleged a claim for intentional infliction of emotional distress because the defendant:

> knew that the sling was defective, having been warned by various experts on infant slings that their sling would cause injury or death, that they continued to manufacture the sling and that such conduct was a conscious intent on their part to cause injury and death to infants and to cause severe emotional distress to the parents of the infants who were injured or killed.

*Id* at *3.

The court denied defendant's motion to dismiss because these allegations sufficiently stated a claim for intentional infliction of emotional distress.  Here, in contrast, plaintiff does not allege that Crowne Plaza Hotel intended to inflict severe emotional distress upon him by failing to promptly check Ms. Osako's room.  Although it may be reasonable for someone to infer that relatives of Ms. Osako would be distressed by her belatedly discovered death, that is far different than someone acting with "a conscious intent" to harm parents who are carrying their infants in dangerously defective slings.

In addition to pleading an intent to inflict severe emotional distress, plaintiff also must allege facts sufficient to establish that Crowne Plaza Hotel's conduct exceeded the bounds of

social toleration.  As an initial matter, "[i]t is a question of law whether, viewing the evidence in the light most favorable to plaintiff, defendants' conduct constitutes 'extraordinary conduct which a reasonable jury could find beyond the farthest reaches of socially tolerable behavior.'" *Tenold v. Weyerhaeuser Co.*, 127 Or App 511, 517, 873 P2d 413, 417 (1994), *rev. dismissed*, 321 Or 561, 901 P2d 859 (1995), quoting *Hall v. The May Dept. Stores*, 292 Or 131, 137, 637 P2d 126, 130 (1981).  Even if all of the allegations in the Complaint are taken as true, failure to promptly check a guest's hotel room cannot be considered beyond the farthest reaches of socially tolerable behavior.

Accordingly, the Complaint should be dismissed for failing to plead that Crowne Plaza Hotel acted with the requisite intent and engaged in conduct exceeding the bounds of socially acceptable behavior necessary to state a claim for intentional infliction of emotional distress.  Since this court can conceive of no other viable claim based on the facts alleged, the dismissal should be with prejudice.

Plaintiff also alleges claims against defendants Dennis Kosasih and unidentified John Does.  However, those potential claims suffer from the same deficiencies and should be dismissed *sua sponte*.

## RECOMMENDATION

For the reasons stated above, Crowne Plaza Hotel's Motion to Dismiss (docket #6) should be GRANTED and the Complaint should be dismissed with prejudice.

///

///

///

8 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 9, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 21st day of April, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge