UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

YOSHIHIRO OSAKO,                                                                CV 10-1446-ST

        Plaintiff,

                                                  OPINION AND ORDER

    v.

CROWNE PLAZA HOTEL and DENNIS
KOSASIH,

        Defendants.
_____

REDDEN, District Judge:

       Plaintiff filed a *pro se* Complaint asserting claims against defendants for negligence and intentional infliction of emotional distress relating to the death of his daughter while she was staying at the Crowne Plaza Hotel. Plaintiff alleged that Crowne Plaza Hotel employees unreasonably failed to discover his daughter's body until three days after her death, discarded

PAGE 1 - OPINION AND ORDER

potential evidence, and gave misleading information to the police, which led them to erroneously conclude that his daughter's cause of death was suicide. Crowne Plaza Hotel moved to dismiss the complaint and Magistrate Judge Stewart subsequently appointed volunteer *pro bono* counsel to represent plaintiff. On April 21, 2011, Magistrate Judge Stewart issued a Findings and Recommendation (doc. #26), in which she recommended that the court grant Crowne Plaza Hotel's Motion to Dismiss (doc. #6), and enter judgment dismissing the Complaint in its entirety with prejudice.

The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Civil Procedure 72(b) and 54(d)(2)(D). The magistrate judge makes only recommendations to the district court, and any party may file written objections to those recommendations. 28 U.S.C. § 636(b)(1)(C). When a party timely objects to any portion of the magistrate's Findings and Recommendation, the district court must conduct a *de novo* review of the portions of the Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendation to which the parties do not object. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

Plaintiff timely objected to Magistrate Judge Stewart's recommendation that the court dismiss the Complaint with prejudice. Plaintiff seeks an order dismissing the Complaint *without*

prejudice, so that he may file an amended complaint alleging additional facts to support his claim against Crowne Plaza Hotel for intentional infliction of emotional distress. As support, plaintiff submits a declaration in which he alleges that the hotel's general manager's brother-in-law was involved in his daughter's death. Decl. in Supp. of Objections ¶ 5. Plaintiff alleges that Crowne Plaza Hotel employees mishandled evidence to cover up his daughter's death. *Id.* ¶ 5-6. Plaintiff alleges that the hotel's general manager erased security camera footage after showing it to police, and then discarded his daughter's jacket and other clothing even though the police were still investigating the cause of his daughter's death. *Id.* ¶ 7. Plaintiff also alleges that the hotel refuses to produce the registration card his daughter completed upon checking into the hotel, which would prove that his daughter's body was found in a different hotel room than the one in which she was staying. *Id.*

I have, therefore, given these portions of the Findings and Recommendation a *de novo* review, and considered the additional facts set forth in plaintiff's Declaration. Although courts should "freely" grant leave to amend when justice requires, it is clear that plaintiff's additional factual allegations cannot cure the deficiencies in his claim against Crown Plaza Hotel. Fed. R. Civ. P. 15(a)(2); *see also Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 2000) ("A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegations of other facts."). To hold Crowne Plaza Hotel vicariously liable for an employee's tortious conduct, plaintiff must plead and prove that the employee acted "within the course and scope of employment." *Vinsonhaler v. Quantum Res. Corp.*, 189 Or. App. 1, 5, 73 P.3d 930, 932 (Or. Ct. App. 2003). To establish that an employee acted within the course and scope of employment, a plaintiff must demonstrate that:

(1) the tortious act "occurred substantially within the time and space limits authorized by the employment"; (2) the employee "was motivated, at least partially, by a purpose to serve the employer"; and (3) the act "is of a kind which the employee was hired to perform." *Chesterman v. Barmon*, 305 Or. 439, 442, 753 P.2d 404, 406 (Or. 1988). The fact that employment provided an opportunity to engage in tortious conduct is insufficient. *Vinsonhaler,* 189 Or. App. at 5.

Accepting plaintiff's additional factual allegations as true, it is clear that he cannot state a claim against Crowne Plaza Hotel based on the allegedly tortious conduct of its employees. None of plaintiff's additional factual allegations support finding that the actions of the general manager and other employee to cover up the murder of his daughter could be "motivated . . . by a purpose to serve the employer." *Chesterman*, 305 Or. at 442. Similarly, plaintiff does not allege and cannot show that covering up the daughter's death or mishandling the evidence were the kinds of acts that the employees were hired to perform. *See Vinsonhaler,* 189 Or. App. at 6 (employer not vicariously liable for sexual assault committed by manager because conduct was not motivated by desire to serve employer). Accordingly, there is no basis upon which to hold Crowne Plaza Hotel vicariously liable for the allegedly tortious actions of its employees. Because it is "absolutely clear" that the deficiencies in plaintiff's Complaint cannot be cured by amendment, I adopt Magistrate Judge Stewart's Findings and Recommendation as modified above. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

////

////

////

////

PAGE 4 - OPINION AND ORDER

## CONCLUSION

The Magistrate Judge's Findings and Recommendation (#26) in this proceeding is ADOPTED as modified, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this  22   day of August, 2011.

                                                      /s/ Malcolm F. Marsh for
                                                           James A. Redden
                                                         U.S. District Court Judge